# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1545 | **DATE** | 7/7/2003 |
| **CASE TITLE** | Larry D. Reynolds vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act is granted. Plaintiff is awarded attorney fees plus costs in the amount of $4,617.27.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 7 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/7/2003 date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **LARRY D. REYNOLDS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02 C 1545 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| **JO ANNE B. BARNHART,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED JUL 0 7 2003

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Larry D. Reynolds, brings this action for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), for the prosecution of his Social Security appeal before the District Court and for this motion for fees and costs. The Commissioner does not object to the motion.[1]

Under the EAJA, the court may award fees if 1) the plaintiff is the "prevailing party;" 2) the government's position was not substantially justified; 3) no "special circumstances make an award unjust;" and 4) the fee petition is submitted within thirty days of final judgment and is accompanied by an itemized statement. 28 U.S.C. §2412(d)(1)(A), (B); *Comm'r., INS. v. Jean*, 496 U.S. 154, 158 (1990); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000). The decision to award attorney fees under the EAJA is within the Court's discretion. *Cf. Hallmark Constr. Co.*, 200 F.3d at 1078. There is no dispute, and the Court agrees, that the Plaintiff in the instant case was the "prevailing party," he filed a timely motion accompanied by

---

[1] The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).

an itemization of fees and expenses, and no special circumstances exist which would make an award of fees unjust. Although the government does not contest that the administrative determination of the Administrative Law Judge was not substantially justified upon the record as a whole, we will consider the issue independently. *Cf. Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 609 (7th Cir. 2002) (noting that although the decision to award attorney fees lies within the district court's discretion, the court must articulate its reasons to provide a record for higher court's review of that decision).

The government bears the burden of demonstrating that its position was substantially justified. *Hallmark Constr. Co.*, 200 F.3d at 1079 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). To do so, the government must show "that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* at 1080 (internal quotations omitted). In applying this standard the Court must examine the government's conduct in both the prelitigation and the litigation contexts. *Id.* "The decision of an ALJ constitutes prelitigation conduct of an agency." *Steele v. Barnhart*, No. 99 C 5455, 2002 WL 31478268, at *1 (N.D. Ill. Nov. 5, 2002).

On April 1, 2003, the parties agreed to remand this case to the Commissioner of Social Security for further proceedings. The stipulation specifically instructs the ALJ to evaluate Plaintiff's pain complaints, in accordance with Social Security Ruling 96-7p, and to provide reasons in his decision. (Stipulation for Remand.) By agreeing to remand the case, the Commissioner essentially agreed that its position was not substantially justified. However, we will not accept such an agreement to remand as conclusively establishing that the government's

position was not substantially justified. *Cf. Pierce v. Underwood*, 487 U.S. 552, 568 (1988) ("The unfavorable terms of a settlement agreement, without inquiry into the reasons for settlement, cannot conclusively establish the weakness of the Government's position.").

This Court finds that the Commissioner's position was not substantially justified. First, the ALJ improperly made a conclusory credibility determination unsupported by specific references to the record when it failed to discuss Plaintiff's testimony leading to its conclusion, and likewise failed to consider the intensity and persistence of Plaintiff's symptoms to determine his capacity for work, in violation of Social Security Ruling 96-7p. *See Gibson-Jones v. Apfel*, 995 F. Supp. 825, 826-27 (N.D. Ill. 1998) (where the ALJ fails to set forth specific legitimate reasons supporting an adverse credibility determination, the government's position is not substantially justified). Further, as Plaintiff argued, the ALJ failed to provide analysis that would permit meaningful judicial review of its conclusion that the plaintiff could perform light work, and in reaching that conclusion, the ALJ failed to consider evidence favorable to the plaintiff. *See e.g. Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *3 (N.D. Ill. Sep. 4, 2001) (holding that because an ALJ failed to develop an adequate record supporting its decision to deny benefits, its decision did not have a reasonable basis in fact and therefore was not substantially justified); *Willis v. Barnhart*, No. 99 C 3437, 2002 WL 31779907, at *2-3 (N.D. Ill. Dec. 11, 2002) (holding that the government's position was not substantially justified where the ALJ failed to refer to evidence supporting his conclusions and failed to discuss evidence that was favorable to the claimant and that undermined the ALJ's conclusion). Therefore, because the ALJ improperly made a credibility finding without sufficiently explaining its reasons, and likewise failed to provide an analysis relating to the residual functional capacity permitting judicial

review, and because the government acknowledged the ALJ's error when it stipulated to remand the case with instructions that the ALJ rectify the aforementioned error, the government's position was not substantially justified and Plaintiff is entitled to attorney fees and costs.

Turning to the amount of legal fees to be awarded, Plaintiff asks the Court to depart from the statutory hourly limit of $125 because of an increased cost of living and because of the limited number of attorneys practicing Social Security disability law.[2] The EAJA provides that a court may award attorney fees in excess of the $125 per hour rate if it "determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A)(ii). Plaintiff urges this Court to increase the hourly rate in accordance with the monthly Consumer Price Index for the Chicago region, between February 2002 and June 2003, the period which covers Plaintiff's appeal of the ALJ's unfavorable decision. The Chicago regional Consumer Price Index is a reasonable method by which to calculate a cost of living increase. *See Willis*, 2002 WL 31779907, at *2-3 (granting attorney's fee at an hourly rate of $142.27, reflecting cost of living increases in Chicago between March 1996 and January 2002, based on the Consumer Price Index). The Court finds that Plaintiff's request for an increased fee based on the increased cost of living is reasonable. *See id.* Therefore, the Court grants Plaintiff's motion to increase counsel's fee according to the Consumer Price Index, as set forth in counsel's itemization. Plaintiff submits that he is entitled to $4,617.27, representing costs of $180.30 and 30.8 hours

---

[2] The government did not object to calculating counsel's attorney fee at the rate of $125.00 and made no argument regarding calculating counsel's fee at a rate adjusted to reflect a cost of living increase.

that his attorney expended on this case.[3] The record reflects that Plaintiff's attorney conducted a thorough and appropriate investigation of the facts and expended a reasonable amount of time and resources prosecuting this case.[4]

### Conclusion

For the foregoing reasons, Plaintiff's motion is granted and the Plaintiff is awarded attorney fees plus costs in the amount of $4,617.27.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** July 7, 2003.

---

[3] The hourly rates are as follows: $141.25 for June 2002; $142.50 for March and April 2002; $143.75 for May through September 2002; $145.00 for January and February 2003; $146.25 for March 2003; $145.00 for April 2003; and $145.00 for May and June 2003, representing an average of previous months' CPI's.

[4] Because the Court finds the proposed cost of living increase reasonable, the Court does not address Plaintiff's argument that the limited number of attorneys specializing in Social Security disability warrants an increased fee. However, the Court notes that the *Pierce* court held that attorneys may only be reimbursed under the "special factor" provision of the EAJA if specialized skills "are necessary and can be obtained only at rates in excess of the [$125] cap." *Pierce*, 487 U.S. at 572. The Seventh Circuit holds that social security specialization is not so specialized as to warrant, generally, exceeding the EAJA's statutory fee. *Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995). Instead, to determine whether to award a higher fee, the court must inquire whether the case is so "unusual" that it "requires someone of specialized training and expertise unattainable by a competent attorney through a diligent study of the governing legal principles." *Id.* (internal quotations omitted). This is not such a case.

Copies have been mailed to:

| | |
|---|---|
| ASHLEY S. ROSE, Esq.<br>Law Offices of Ashley S. Rose<br>799 Roosevelt Road<br>Building 6, Suite 104<br>Glen Ellyn, IL 60137 | MS. KATHRYN A. BEVERLY<br>Special Assistant U.S. Attorney<br>200 West Adams Street<br>30th Floor<br>Chicago, IL 60606 |
| Attorney for Plaintiff | Attorney for Defendant |